**GARY R. STICKELL,**
**Attorney at Law, P.C.**
301 E. Bethany Home Road, Suite B100
Phoenix, Arizona 85012
(602) 266-2622

Gary R. Stickell
AZ Bar #007512
Attorney for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re | In Proceedings Under Chapter 13 |
| CHRISTOPHER THOMAS, | **No. 2:09-bk-12542 RJH** |
| Debtors. | RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY |
| MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS as nominee for AMERICA'S SERVICING COMPANY, | |
| v. | |
| CHRISTOPHER THOMAS, | |
| Debtors | |

Debtor, by and through his undersigned counsel, requests the Court to DENY the Motion for Relief from the Automatic Stay for the reason that he is presently in the application process for a loan modification.

Furthermore, it appears that from the Motion for Relief and its attachments that Movant is the "nominee" for a "mortgage service provider." Movant is not the holder of the note as contended in its Motion. It is hard to understand how Debtor can be indebted to a nominee for a servicing company. Debtor is indebted to the holder of the

Note. The holder of the Note is not identified in the Motion.

To bring its Motion for Relief, the Movant must prove "Standing." See *In re Foreclosure Cases*, 521 F.Supp.2d 650 (N.D.Ohio,2007). Standing is simply, proof by the Movant of the right to seek redress and the right to seek that redress from the Respondent / Debtor. *In re Maisel*, 378 B.R. 19 (Bkrtcy.D.Mass.,2007).

Debtor contends that Movant has not met this simple requirement. Movant provides no proof of legal capacity to bring the Motion on behalf of the Holder of the Note and the Deed of Trust.

As set out in the *Maisel* decision:

> Today, more and more homeowners turn to the bankruptcy system for protection when facing financial hardship or impending foreclosure. It is this Court's responsibility to ensure that these debtors receive the full protection of the Bankruptcy Code, including the benefit of an automatic stay, for as long as they are entitled to it. Unfortunately, concomitant with the increase in foreclosures is an increase in lenders who, in their rush to foreclose, haphazardly fail to comply with even the most basic legal requirements of the bankruptcy system. It is the lenders' responsibility to comply, and this Court's responsibility to ensure compliance, with both the substantive and procedural requirements of the Bankruptcy Code.

378 B.R. at pp. 20 -21.

For lack of standing, the Motion for Relief should be denied.

DATED: September 24, 2009

        GARY R. STICKELL,
        ATTORNEY AT LAW, P.C.


        By:  G.R.S. #7512
         Attorney for Debtor

**Original** Electronically
filed September 24, 2009

| | |
|---|---|
| 1 | |
| 2 | **Copies** of the foregoing mailed September 24, 2009 |
| 3 | to: |
| 4 | Mark S. Bosco |
| 5 | Tiffany & Bosco, P.A.<br>2525 E. Camelback Road, Suite 300 |
| 6 | Phoenix, Arizona 85016<br>Attorney for Movant |
| 7 | |
| 8 | Edward J. Maney<br>Chapter 13 Trustee |
| 9 | P.O. Box 10434<br>Phoenix, AZ  85064 |
| 10 | |
| 11 | by: <u>G.R.S. #7512</u> |